# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BARRETT,        :     CIVIL ACTION NO. **1:14-CV-1250**
:
        Plaintiff        :     (Judge Kane)
:
        v.        :     (Magistrate Judge Blewitt)
:
WARDEN ROBERT KARNES, *et al.*,        :
:
        Defendants        :

## REPORT AND RECOMMENDATION

## I.    BACKGROUND.

On June 30, 2014, Plaintiff Christopher A. Barrett, an inmate confined at Lebanon County Correctional Facility ("LCCF"), located in Lebanon, Pennsylvania, filed, *pro se*, this instant civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. 1). Plaintiff attached two Exhibits to his Complaint.  (Doc. 1, pp. 10-12).  Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis* on the same date.  (Doc. 2).

Plaintiff names the following Defendants in his four-page  form civil rights Complaint: (1) Warden Robert Karnes;  (2) Clements, Deputy Warden of Security; and (3) Correctional Officer ("CO") John Doe, Mailroom. (Doc. 1, p. 1).  All three Defendants are employed by the LCCF. Plaintiff does not mention whether the Defendants are sued in their official and/or individual capacities.  Plaintiff indicates there is a grievance procedure available at LCCF and

---

[1] Plaintiff indicates he currently has another action pending before this Court, Civil No. 14-1206, M.D.Pa.  On June 23, 2014, Plaintiff filed a civil rights action in Civil No. 14-1206, pursuant to 42 U.S.C. § 1983, naming two Lebanon Police Officers as Defendants. On June 7, 2014, Plaintiff filed a Motion to Proceed *in forma pauperis*.  To date, we have not yet screened Plaintiff's Complaint in Civil No. 14-1206.

that he has filed a grievance and an appeal regarding his present claim.[2]   However, Plaintiff

states that the Warden did not respond to his appeal. Specifically, Plaintiff states: "(1) I wrote

to the mailroom, (2) I filed a grievance, (3) grievance was denied due to my mail being

considered contraband, (4) I filed an appeal to the warden. They never responded to the

appeal." (Doc. 1, p. 2).

The Court has jurisdiction over Plaintiff's action pursuant to 28 U.S.C. § 1331 and

§ 1343(a).  We will now screen Plaintiff's Complaint in accordance with § 1915 of the PLRA.

## II.    STANDARDS OF REVIEW.

### A.    PLRA

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28

U.S.C. § 1915.  (Doc. 2).  The Prison Litigation Reform Act of 1995,[3] (the "PLRA"), obligates the

Court to engage in a screening process when a prisoner wishes to proceed *in forma pauperis*

pursuant to 28 U.S.C. § 1915.  Specifically, Section 1915(e)(2), which was created by § 805(a)(5)

of the Act, provides:

---

[2]

Plaintiff must exhaust his administrative remedies with respect to each one of his claims
prior to filing a civil rights suit.  *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004);
*Woodford v. Ngo*, 126 S.Ct. 2378 (2006).  In *Porter v. Nussle*, 534 U.S. 516, 532 (2002),
the Supreme Court reiterated that the exhaustion requirement under § 1997e(a) applies
to all actions regarding prisons conditions, including civil rights  actions or actions
brought pursuant to any other federal law.  The *Porter* Court held that "the PLRA's
exhaustion requirement applies to all inmate suits about prison life, whether they involve
general circumstances or particular episodes, and whether they allege excessive force or
some other wrong." *Id.*   However, Defendants have the burden to plead exhaustion as
an affirmative defense.  *See Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

[3]Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

**B.      42 U.S.C. § 1983**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").   "In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor."  *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well-established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362

3

(1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*. It is also well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement. *Id*. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based. *Id*. As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons. *Id*. Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

The Court uses the same standard to screen a complaint under the PLRA as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

## C.    MOTION TO DISMISS

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a

factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (*quoting Twombly,* 550 U.S. at 555) (not precedential).

## III.    COMPLAINT ALLEGATIONS.

In his three-paragraph, handwritten Statement of Claim, Plaintiff alleges that "[a]s a pre-trial detainee I have certain rights.  The defendants violated my first & 14th amendment rights (sic) by censoring & altering my mail." (Doc. 1, p. 2).  Specifically, Plaintiff claims his mail was altered with a stamp that was applied to his letters which stated: "This address is a County Prison.  Sender is an inmate.  County is not responsible for debts 'incurred.'" Plaintiff attached as Exhibits to his Complaint  copies of two poems he indicates was his mail with the stated stamps on them. (Doc. 1, p. 3 & pp. 10-12).  Plaintiff states the prison is allowed to stamp the outside of the envelope, but they may not stamp his actual letters.  (*Id.*, p. 2-3).  Plaintiff avers that although courts have held that mail can be inspected for contraband and security purposes, prison administration is prohibited from censoring or altering mail.  (*Id.*, p. 3).  Plaintiff further states "[t]he administration has refused to stop this I (sic) received page after page of altered mail." (*Id.*).  Plaintiff has not pled a claim or attached any exhibits that pertain to legal mail.  It appears the correspondences Plaintiff complains of relates exclusively to non-legal mail.

As relief, Plaintiff seeks an injunction to "[o]rder the jail to decease (sic) & dissist (sic) the practice of altering pre-trial detainee mail." (*Id.,* p. 3).  Plaintiff also requests compensatory

damages in the amount of $100,000 for violating his rights under the Pennsylvania and United States Constitutions and for causing him emotional distress .[4]   (*Id.*).

Thus, as mentioned, Plaintiff alleges the Defendants violated his First and Fourteenth Amendment rights by altering  his mail by the stated stamp.   Plaintiff is not raising an interference with his legal mail claim.  We will now screen Plaintiff's Complaint.

## IV.   DISCUSSION.

To the extent Plaintiff is seeking money damages under Article I, Section 8 of the Pennsylvania Constitution, we will recommend that such claim be dismissed with prejudice.

In *Bowers v. City of Phila.*, 2008 WL 5210256, *8 (E. D. Pa.), the Court stated:

> "To date, neither Pennsylvania statutory a authority nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution." *Dillon v. Homeowner's Select*, 957 A.2d 772, 780 n. 11 (Pa. Super. Ct. 2008) (quoting *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006), *appeal denied*, 589 Pa. 741, 909 A.2d 1291(Pa. 2006)).  Accordingly, we agree with Defendants' undisputed assertion that Plaintiff's claims for damages under the Pennsylvania Constitution fail as a matter of law.  *See Stockham Interests, LLC v. Borough of Morrisville*, No. 08-3431, 2008 WL 4889023, at * 10 (E.D. Pa. Nov. 12, 2008) (holding that "there is no private cause of action for damages arising from violations of the Pennsylvania Constitution," and granting  defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania Constitution," and granting defendant's request "to deny any monetary relief arising out of violations of the Pennsylvania

---

[4]

Plaintiff's requests for  specific amounts of monetary damages (Doc. 1, p. 3) should be stricken. Since Plaintiff seeks unliquidated damages, he cannot claim  specific sums of relief.  Pursuant to Local Rule 8.1, M.D. Pa., Plaintiff's requests for specific monetary damages should be stricken from his Complaint.  *See Stuckey v. Ross*, Civil No. 05-2354, M.D. Pa., 1-9-06 Order, J. McClure; *Said v. Donate*, Civil No. 07-1550, M.D. Pa.

Constitution") (citations omitted); *Alvarez v. City of Phila.*, No. 07-0493, 2008 WL 4347529, at * 13 (E.D. Pa. Sept. 23, 2008) (granting summary judgment in favor of defendant since "Pennsylvania does not recognize a private right of action for monetary damages for violation fo the Pennsylvania Constitution"); *Douris v. Schweiker*, 229 F.Supp.2d 391, 405 (E.D. Pa. 2002) (explaining that although Pennsylvania courts have not yet addressed the issue, federal courts have consistently held that no private cause of action for damages is available under the Pennsylvania Constitution); *Kelleher v. City of Reading*, No. 01-3386, 2001 WL 1132401, at * 3 (E.D. Pa. Sept. 24, 2001) (noting that "the federal courts in this Circuit . . . have concluded that there is no such private cause of action for damages under the Pennsylvania Constitution," and citing cases); *Pendrell v. Chatham Coll.*,386 F. Supp. 341, 344 (W.D. Pa. 1974) (rejecting Pennsylvania constitutional claim for damages and noting that plaintiff could cite no authority that implies such a cause of action).

Thus, any claims for damages that Plaintiff is making under Article I, Section 8 of the Pennsylvania Constitution should be dismissed with prejudice as a matter of law. *See Moeller v. Bradford Co.*, 444 F. Supp. 2d 316, 327, n. 13 (M.D. Pa. 2011)("Pennsylvania has no statutory equivalent to 42 U.S.C. § 1983, which provides a private right of action for a federal constitutional violation.")(citations omitted). *See Sze v. Pui-Ling Pang*, Civil No. 12-0619, M.D. Pa. (4-16-14 Memorandum, p. 8, J. Kane)("Plaintiff may not seek monetary damages for his claims made pursuant to Article I, Section 8 of the Pennsylvania Constitution.").

Plaintiff claims that LCCF staff violated his First and Fourteenth Amendment rights because they have altered his nonlegal mail by applying a rubber stamp to his mail which stated: "This address is a County Prison. Sender is an inmate. County is not responsible for debts 'incurred.'" Plaintiff names as Defendants Warden Karnes, Deputy Warden of Security Clements, and CO John Doe of the prison mailroom. Plaintiff does not mention the personal involvement of Defendants Warden Robert Karnes and Deputy Warden of Security Clement

8

in his Complaint.  As such, it is clear that Plaintiff has impermissibly named Warden Robert Karnes and Deputy Warden of Security Clement solely under the doctrine of *respondeat superior*.

It is well established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement.  *Id*.  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.; Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

The Supreme Court in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009), repeated the personal involvement necessary in a § 1983 action.  In *Innis v. Wilson*, 2009 WL 1608502, *2 (3d Cir. 2009), the Court stated:

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal,* No. 07-1015, slip op. at 14 (May 18, 2009) [129 S.Ct. 1937 (2009)] (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

> "Innis's allegation against Wilson also fail because Innis is attempting to establish liability based on supervisory liability. *See Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988) (liability cannot be predicated solely on the operation of respondeat superior, as a defendant must have personal involvement in a civil rights action). Innis does not allege that Wilson had personal knowledge of his injury and subsequently acted with

9

> deliberate indifference. *Spruill,* 372 F .3d at 236. Accordingly, these
> claims were properly dismissed."

*See Rhines v. Bledose*, 2010 WL 2911628, *2 (3d Cir. 2010).

We find it is abundantly clear that Plaintiff has not specifically stated the personal involvement of supervisory Defendants Karnes and Clements with respect to his constitutional claim, and that Plaintiff has named these Defendants only based on *respondeat superior.*

In *George v. PA DOC,* 2010 WL 936778, *4 (M.D. Pa.), the Court stated:

> The doctrine of *respondeat superior* does not apply to constitutional claims. *See Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("Government officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior."* ); *see also Evancho v. Fisher,* 423 F.3d 347, 353 (3d Cir.2005) (claims brought under 42 U.S.C. § 1983 cannot be premised on a theory of *respondeat superior* ) (citing *Rode v. Dellarciprete,* 845 F.2d 1195, 1207 (3d Cir.1988)). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events underlying a claim. *Iqbal, supra,* ---U.S. at ----, 129 S.Ct. at 1948 ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." *Rode,* 845 F.2d at 1207. "In order to satisfy the 'personal involvement' requirement, a [§ 1983] complaint need only allege the conduct, time, place and person responsible." *Solan v. Ranck,* 326 F. App'x 97, 101 (3d Cir.2009) (per curiam) (nonprecedential). *See also Santiago v Warminister Tp.,* 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

The Third Circuit has held that a Plaintiff whose Complaint fails to state a cognizable claim is entitled to amend his pleading unless the Court finds bad faith, undue delay, prejudice, or futility. *See Grayson v. Mayview State Hospital,* 293 F.3d 103, 111 (3d Cir. 2002); *Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004); *see also Piazza v. Lakkis,* 2012 WL 2007112, *8 (M.D.Pa. June 05, 2012).  Based upon the discussion below, we find that the Court should

10

afford Plaintiff an opportunity to amend his pleading to allege personal involvement of Defendants Warden Robert Karnes and Deputy Warden of Security Clements since we do not find that it would be futile.  *See Schreane v. Holt*, 482 Fed.Appx. 674, 676 n. 1 (3d Cir. 2012). Therefore, we recommend that Defendants Warden Robert Karnes and Deputy Warden of Security Clements be dismissed without prejudice.

Plaintiff also names CO John Doe of the LCCF mailroom as a Defendant with respect to his claim that his non-legal mail was altered by the rubber stamp.  "The Supreme Court has recognized that prisoners have protected First Amendment interests in both sending and receiving mail."  *Schreane v. Holt*, 482 Fed.Appx. at 676 (citing *Thornburgh v. Abbott,* 490 U.S. 401 (1989); *Turner v. Safley,* 482 U.S. 78 (1987)).  Further, "[i]t is well-settled that interference with inmate non-legal mail may amount to a denial of free speech under the First and Fourteenth Amendments." *Freeman v. Northumberland County*, 2012 WL 951482, *8 (M.D.Pa. March 20, 2012)(citation omitted).

In *Freeman v. Northumberland County*, 2012 WL 951482, *8 , the Court stated:

> The Court of Appeals for the Third Circuit in *Hamm v. Rendell*, 166 Fed.Appx. 599, 603 (3d Cir. 2006), stated that when district courts address claims of improper mail inspections and intrusive mail regulations or any actions involving outgoing inmate mail, the test developed by the Supreme Court in *Procunier v. Martinez*, 416 U.S. 396, 412, 94 S.Ct. 1800 [] (1974), should be employed.  Specifically, courts should inquire as to whether the prison restriction or conduct relating to outgoing inmate mail furthered an important or substantial government interest unrelated to the suppression of expression, and whether the conduct was intrusive only to the degree necessary to protect that interest. *Id.; see also, Nasir v. Morgan*, 350 F.3d 366, 371-72 (3d Cir. 2003)(*Procunier* should be applied to outgoing prisoner correspondence issues).

*See also Bowens v. U.S. Dept. of Justice*, 2009 WL 3030457, *3 (M.D.Pa. Sept. 17, 2009).

Additionally, in *Taylor v. Hayman*, 2011 WL 735449, *5 (D.N.J., 2011), the Court stated:

> Inmates have a limited liberty interest in their mail under the First and Fourteenth Amendments; thus, an inmate's constitutional right to send and receive mail may be restricted only for legitimate penological interests. *See Thornburgh v. Abbott,* 490 U.S. 401, 407 (1989); *Turner v. Safley,* 482 U.S. 78, 89 (1987). A single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation. *Morgan v. Montayne,* 516 F.2d 1367 (2d Cir.1975), *cert. denied,*424 U.S. 973 (1976).

In *Young v. Beard*, 2011 WL 902447,*11, adopted by 2011 WL 901865 (M.D.Pa. 2011), the Court stated:

> "In the First Amendment context, . . . a prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." *Pell v. Procunier*, 417 U.S. 817, 822, 94 S. Ct. 2800, 41 L. Ed. 2d 495 (1974). Generally, prisoner non-legal mail can be opened and read outside the inmate's presence, and does not violate the prisoner's constitutional rights. *See Ali v. Howard*, No. 05-0102, 2008 U.S. Dist. LEXIS 76162, at *17 (D. Del. Sept. 30, 2008) ("Prison inmates have no expectation of privacy regarding their personal mail."), *aff'd*, 353 Fed. Appx. 667, 670 (3d Cir. 2009) (*Ali* provides no evidence to support that the allegedly five or six opened letters were marked as legal mail, and therefore, he cannot establish a First Amendment violation.); *Hamilton v. Messick*, No. 03-0807, 2005 U.S. Dist. LEXIS 5255, at *9 (D. Del. Mar. 31, 2005) (collecting cases). *See also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir. 1991).

Plaintiff Barrett has not alleged that his legal mail is being opened and read outside of his presence.  Rather, Plaintiff's alleged constitutional violation solely relates to his non-legal, outgoing prison mail and the rubber stamp which the prison applies to it.  Plaintiff 's Exhibits

show that two of his letters were stamped by the prison.  Although Plaintiff states the prison

censored his mail, in addition to altering his mail, it is clear his Complaint centers only

around the stamp which states: "This address is a County Prison.  Sender is an inmate.

County is not responsible for debts 'incurred.'"  (Doc. 1, p. 3).  Further, Plaintiff does not

claim that the prison is withholding his mail.  Plaintiff avers that his constitutional right to

sending and receiving mail has been abridged by the prison staff applying the stamp to his

mail.  As stated above, the test annunciated by the Supreme Court in *Procunier* should be

applied to outgoing prisoner mail issues.  We find that at the present stage of this case, it is

premature to determine whether Plaintiff's constitutional right to send and receive mail is

being restricted by the stamp and whether LCCF has legitimate penological interests in

placing the stamp on Plaintiff's mail. That is to say, it is too early in this case to determine if

the opening and stamping of Plaintiff's mail is reasonably related to the legitimate

penological interest of LCCF security. *See Bowens v. U.S. Dept. of Justice*, 2009 WL

3030457, *4 ("Since [Plaintiff] asserts conduct which exceeds the routine opening and

inspecting of a prisoner's outgoing mail, a determination must be made as to whether the

[alleged conduct] was reasonably related to a legitimate penological interest of institutional

security.")(citing *Caldwell v. Beard*, 305 Fed.Appx. 1, 2 (3d Cir. 2008)).

   As such, we find that Plaintiff has sufficiently stated a cognizable First Amendment

claim only against Defendant CO John Doe.  We find that Plaintiff has adequately alleged

that Defendant CO John Doe of the LCCF mailroom personally opened and stamped his

non-legal mail, both out going and incoming mail, on several occasions and refused to stop this practice.

**V.      RECOMMENDATION**.

Based on the foregoing discussion, we respectfully recommend that the Court:

1.      **DISMISS WITH PREJUDICE** Plaintiff's claim for damages to the extent it is under Article I, Section 8 of the Pennsylvania Constitution.

2.      **DISMISS WITHOUT PREJUDICE** Defendants Warden Robert Karnes and Deputy Warden of Security Clements.

3.      **ALLOW TO PROCEED** Plaintiff's First and Fourteenth Amendment claim of interference with mail as against Defendant CO John Doe.

4.      **REMAND** Plaintiff's case to the undersigned for further proceedings.

<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 18 , 2014**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTOPHER A. BARRETT, | : | CIVIL ACTION NO. **1:14-CV-1250** |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN ROBERT KARNES, *et al.*, | : | |
| | : | |
| Defendants | : | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **July 18, 2014.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objection to the foregoing Report and Recommendation may

constitute a waiver of any appellate rights.




<u>**s/ Thomas M. Blewitt**</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**




**Dated: July 18, 2014**