## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BARRETT,

   Plaintiff,

    v.

WARDEN ROBERT KARNES,
et al.,

   Defendants.

CIVIL ACTION NO. 1:14-cv-01250

(KANE, J.)
(SAPORITO, M.J.)

## **REPORT AND RECOMMENDATION**

This prisoner civil rights action was initiated by the filing of a *pro se*, *in forma pauperis* complaint on June 30, 2014. (Doc. 1). The original complaint was dismissed *sua sponte* on August 6, 2014, for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c). (Doc. 10; *see also* Doc. 7). The dismissal order granted the plaintiff, Christopher A. Barrett, leave to file an amended complaint, which he did on August 21, 2014. (Doc. 11).

Barrett's amended complaint named a single "John Doe" defendant, an unidentified corrections officer who processed Barrett's mail. (Doc. 11). Barrett subsequently identified the defendant as C.O. Matters Jr., and the Court ordered the United States Marshal to serve the complaint upon

defendant Matters. (Doc. 15; Doc. 16). Matters has appeared through counsel and moved to dismiss the amended complaint for failure to state claim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 27). Matters has filed a brief in support of the motion to dismiss. (Doc. 28). Despite receiving multiple extensions of time totaling nearly five months, Barrett has not filed a brief in opposition to the motion to dismiss. (Doc. 30; Doc. 32; Doc. 35). The motion is now ripe for disposition.

In addition, the Court has independently reviewed the amended complaint for *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c).

## I.  BACKGROUND

At the time when he filed his original and amended complaints, Barrett was a pretrial detainee at the Lebanon County Correctional Facility, facing various drug-related criminal charges. *See Commonwealth v. Barrett*, Docket No. CP-38-CR-0000762-2014 (Lebanon County C.C.P.).[1] In his amended complaint, Barrett alleges that Matters altered "several"

---

[1] This publicly available state criminal docket, available online at https://ujsportal.pacourts.us/DocketSheets.aspx, is a public record of which the Court may take judicial notice in ruling on a motion to dismiss. *See* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Pennsylvania v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967).

pieces of outgoing mail by using an ink stamp to mark each page of his correspondence with the disclaimer: "This address is a County Prison. Sender is an inmate. County is not responsible for debts 'incurred.'" (Doc. 11, at 1–2; *see also id.* at 3 ("[o]n several occasions")). Barrett also alleges that two specific pieces of mail addressed to his mother and his fiancé were never delivered.[2] (*Id.* at 2–3). Barrett claims that these actions violated his First and Fourteenth Amendment rights, and he requests injunctive relief and compensatory damages for mental and emotional injuries suffered as a result. (*Id.* at 3).

On February 6, 2015, following a jury trial before the Court of Common Pleas of Lebanon County, Barrett was found guilty of the manufacture or delivery of, or possession with intent to manufacture or deliver, a controlled substance, resisting arrest, and the use of or possession with intent to use drug paraphernalia. *Commonwealth v. Barrett*, Docket No. CP-38-CR-0000762-2014 (Lebanon County C.C.P.). On February 18, 2015, he was sentenced to serve a term of fifteen months to five years in prison. *Id.* He was subsequently transferred to SCI Camp

---

[2] The two letters are alleged to have been sent on May 30, 2014, and June 9, 2014. (Doc. 11, at 2–3).

Hill, a state prison operated by the Pennsylvania Department of Corrections. (*See* Doc. 33). He is currently incarcerated at SCI Frackville. (*See* Doc. 34).

## II. STANDARD OF REVIEW

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

Under Rule 12(b)(6), the defendant has the burden of showing that

no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32–33 (3d Cir. 1980); *Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). Although a plaintiff is entitled to notice and an opportunity to respond to a motion to dismiss, he has no obligation to do so—he may opt to stand on the pleadings rather than file an opposition. The Court must nevertheless examine the complaint and determine whether it states a claim as a matter of law. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F2d 168, 174 (3d Cir. 1990). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

## B. *Sua Sponte* Dismissal Standard

Under 28 U.S.C. § 1915A, the Court is obligated to screen a civil complaint in which a prisoner is seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir.

2007). The Court must dismiss the complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). The Court has a similar obligation with respect to actions brought *in forma pauperis* and actions concerning prison conditions. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c)(1). *See generally Banks v. County of Allegheny*, 568 F. Supp. 2d 579, 587–89 (W.D. Pa. 2008) (summarizing prisoner litigation screening procedures and standards). "The court's obligation to dismiss a complaint under [these] screening provisions is not excused even after defendants have filed a  motion to dismiss." *Id.* at 589. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010); *Banks*, 568 F. Supp. 2d at 588.

## III.   DISCUSSION

The amended complaint asserts federal civil rights claims pursuant to 42 U.S.C. § 1983. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a court's obligation to liberally construe *pro se* pleadings and other submissions, particularly when dealing with imprisoned *pro se* litigants). Section 1983 provides a private

cause of action with respect to the violation of federal constitutional rights.

The statute provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or any other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

Here, Barrett has alleged that: (a) defendant Matters defaced several of Barrett's outgoing letters by using an ink stamp to mark each page of his correspondence with a disclaimer; and (b) two of the letters Barrett mailed, addressed to his mother and his fiancé, were never delivered, from which Barrett appears to infer the letters were withheld or destroyed by

someone in the prison mailroom, presumably defendant Matters.[3] Barrett

claims that this mail tampering by defendant Matters violated his rights

under the First and Fourteenth Amendments to the United States

Constitution. He seeks injunctive relief and compensatory damages.

## A. Claim for Injunctive Relief

As a preliminary matter, the Court must consider whether Barrett's

claim for injunctive relief is moot because "a federal court has neither the

power to render advisory opinions nor to decide questions that cannot

affect the rights of litigants in the case before them." *Sutton v. Rasheed*,

323 F.3d 236, 248 (3d Cir. 2003) (quoting *Preiser v. Newkirk*, 422 U.S. 395,

401 (1975)); *see also Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993).

In his amended complaint, Barrett seeks an order directing the defendant

to "cease . . . altering all outgoing regular mail." (Doc. 11, at 3). His

original complaint similarly requested an order that the "jail . . . []cease &

d[es]ist the practice of altering pre-trial detainee mail." (Doc. 1, at 3).

A prisoner's transfer from the prison complained of generally moots

his claims for prospective injunctive or declaratory relief. *Sutton*, 323 F.3d

---

[3] Although Barrett does not explicitly identify that person as defendant Matters, he is the only defendant named in this action.

at 248; *Weaver v. Wilcox*, 650 F.2d 22, 27 n.13 (3d Cir. 1981). Such claims are not mooted when "a challenged action is (1) too short in duration to be fully litigated prior to its cessation or expiration; and (2) there is a reasonable likelihood that the same complaining party would be subjected to the same action again." *Sutton*, 323 F.3d at 248 (alteration and internal quotation marks omitted). A prisoner's claim for damages is not mooted by a transfer. *Sutton*, 323 F.3d at 249; *Allah v. Seiverling*, 229 F.3d 220, 222 n.2 (3d Cir. 2000); *Weaver*, 650 F.2d at 27 n.13.

At the time of the events giving rise to this action, Barrett was incarcerated at Lebanon County Correctional Facility. On April 27, 2015, the Court received and filed notice from Barrett that he had been transferred to SCI Camp Hill. (Doc. 33). On May 4, 2015, the Court received and filed a motion by Barrett which indicated that he had been transferred, for a second time, to SCI Frackville. (Doc. 34). A review of the state court docket for the criminal proceedings against Barrett confirms that he was convicted, sentenced, and committed to the custody of the Pennsylvania Department of Corrections to serve a term of years in a state penitentiary. *See Commonwealth v. Barrett*, Docket No. CP-38-CR-0000762-2014 (Lebanon County C.C.P.). With respect to the sole defendant

in this action, a county corrections officer resident at Lebanon County Correctional Facility, Barrett's claim for injunctive relief is clearly moot.

Accordingly, it is recommended that the Court *sua sponte* dismiss Barrett's claim for injunctive relief.

### B. Claim for Compensatory Damages

A prisoner may not bring a federal claim for damages for mental or emotional injuries absent a prior showing of physical injury. 42 U.S.C. § 1997e(e). In his amended complaint, Barrett requests an award of "monetary damages for mental anguish & being caused to loose [sic] contact with his family & friends" based on alleged mail tampering by defendant Matters. (Doc. 11, at 3). He does not allege any physical injury, nor any pecuniary harm.

Section 1997e provides, in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act . . . .

42 U.S.C. § 1997e(e). Accordingly, "to bring a claim for mental or emotional injury suffered while in custody, a prisoner must allege physical injury." *Allah v. Al-Hafeez*, 226 F.3d 247, 250 (3d Cir. 2000). Barrett has failed to

allege any physical injury as a result of the alleged mail tampering. His claim for compensatory damages for mental and emotional injuries is therefore barred by § 1997e(e).

This determination does not necessitate dismissal of Barrett's civil rights claims altogether, however, as his First and Fourteenth Amendment rights "may be vindicated by an award of nominal damages in the absence of any showing of injury warranting compensatory damages." *Id.* at 251. Although Barrett does not expressly request nominal damages in his pleadings, the Court liberally construes his *pro se* amended complaint to request nominal damages.[4] *See id.* (doing the same).

Accordingly, it is recommended that the Court *sua sponte* dismiss Barrett's claim for compensatory damages, but liberally construe the

---

[4] "Punitive damages may also be awarded based solely on a constitutional violation, provided the proper showing is made." *Allah*, 226 F.3d at 251. Barrett has not requested punitive damages, nor has he alleged facts to plausibly demonstrate that the alleged mail tampering was "motivated by evil motive or intent, or . . . involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Accordingly, the Court declines to construe the amended complaint to request punitive damages. But if granted leave to amend, Barrett may add such a request and allege facts in support.

Section 1997e(e) also does not apply to claims for injunctive or declaratory relief. *Mitchell v. Horn*, 318 F.3d 523, 533 (3d Cir. 2003). But, as discussed above, Barrett's claim for injunctive relief is moot.

amended complaint to permit him to proceed with a claim for nominal damages.

### C. Undelivered Mail

Barrett alleges that on May 30, 2014, and June 9, 2014, he "wrote & sent letters to his mother & fiancé & neither letter was received by either woman." (Doc. 11, at 2–3). Based on their failure to receive these two letters, Barrett has inferred that defendant Matters must have withheld or destroyed the letters. Barrett contends that doing so violated his First and Fourteenth Amendment rights.

It is beyond cavil that both prisoners and their correspondents have a First Amendment right to send and receive mail. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *see also Wolfish v. Levi*, 573 F.2d 118, 130 (2d Cir. 1978) ("The postal carrier may not be turned back at the jailhouse gate.") (involving pretrial detainees), *rev'd on other grounds sub nom. Bell v. Wolfish*, 441 U.S. 520 (1979); *Ahrens v. Thomas*, 434 F. Supp. 873, 899 (W.D. Mo. 1977) (pretrial detainees). Moreover, "[t]he interest of prisoners and their correspondents in uncensored communication by letter, grounded as it is in the First Amendment, is plainly a 'liberty' interest within the meaning of the Fourteenth Amendment even though qualified

of necessity by the circumstance of imprisonment." *Procunier v. Martinez*, 416 U.S. 396, 418 (1974), *overruled on other grounds by Thornburgh*, 490 U.S. at 413–14; *see also Detainees of the Brooklyn House of Detention v. Malcolm*, 520 F.2d 392, 397 (2d Cir. 1975) (involving pretrial detainees); *O'Bryan v. Saginaw County*, 437 F. Supp. 582, 595 (E.D. Mich. 1977) (same); *Jones v. Wittenberg*, 330 F. Supp. 707, 719 (N.D. Ohio 1971) (same). With respect to outgoing prison mail, a court must consider whether the practice in question furthers "an important or substantial governmental interest unrelated to the suppression of expression," and that any restrictions imposed on inmate correspondence "must be no greater than is necessary or essential to the protection of the particular governmental interest involved." *Thornburgh*, 490 U.S. at 408 (quoting *Procunier*, 416 U.S. at 413–14).

But here, Barrett has failed to allege any plausible facts to support the bald assertion that his outgoing mail was withheld or destroyed by prison officials, much less by the particular defendant he has named in his amended complaint. Barrett merely alleges that he sent the two letters and that they were not received by their intended recipients. At most, the amended complaint alleges facts from which it may be plausibly inferred

that one or two of his outgoing letters was negligently handled and lost in transit, and possibly by the U.S. Postal Service rather than by prison officials. *See Williams v. Frame*, 821 F. Supp. 1093, 1098 (E.D. Pa. 1993) (dismissing lost mail claim as legally frivolous). Any allegation that defendant Matters personally withheld or destroyed Barrett's outgoing mail is speculative and conclusory, at most. *See West v. Unknown Party #1*, No. 2:13-cv-118, 2013 WL 6047461, at *11 (W.D. Mich. Nov. 14, 2013); *Edwards v. Horn*, No. 10 Civ. 6194, 2012 WL 760172, at *7 (S.D.N.Y. Mar. 8, 2012); *Excell v. Fischer*, No. 9:08-CV-945, 2009 WL 3111711, at *9–*10 (N.D.N.Y. Sept. 24, 2009); *Musquez v. Sepulveda*, No. C 07-5966, 2008 WL 2811503, at *1 (N.D. Cal. July 17, 2008).

Accordingly, it is recommended that the motion to dismiss be granted in part and Barrett's First and Fourteenth Amendment mail tampering claims be dismissed for failure to state a claim with respect to the two undelivered letters addressed to his mother and fiancé.

### D. Altered Mail

Barrett alleges that defendant Matters altered "several" pieces of Barrett's outgoing mail by using an ink stamp to mark each page of his correspondence with a disclaimer: "This address is a County Prison.

Sender is an inmate. County is not responsible for debts 'incurred.'" (Doc. 11, at 1–2; *see also id.* at 3 ("[o]n several occasions")). Barrett claims that the stamp "damaged" his letters, which contained poems, making them "un-presentable for my loved ones to read." (Doc. 11, at 2). He claims that, as a result of these alterations, he was unable to send any mail to his family or others "for fear of the Officers in the mailroom either altering or 'misplacing' his mail." (*Id.*). Barrett contends that the stamping of this disclaimer on each page of his correspondence violated his First and Fourteenth Amendment rights.

In moving to dismiss the amended complaint for failure to state a claim, defendant Matters characterizes his alleged wrongful conduct as "a few isolated occasions." (Doc. 28, at 3). Matters argues that such an isolated interference with an inmate's mail is insufficient to rise to the level of a constitutional violation, relying primarily on an unpublished Third Circuit decision, *Nixon v. Secretary of Pennsylvania Department of Corrections*, 501 Fed. App'x 176 (3d Cir. 2012) (per curiam), which held that "a *single, isolated* interference with [the plaintiff's] personal mail [is] insufficient to constitute a First Amendment violation." (Doc. 28, at 4–5 (quoting *Nixon*, 501 Fed. App'x at 178) (emphasis added)). Matters also

cites several other cases in support of the same proposition. (*Id.* (citing *Iwanicki v. Pa. Dep't of Corrs.*, 582 Fed. App'x 75, 79 (3d Cir. 2014) (per curiam) (concerning "a single instance of interference with mail"); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation."); *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995) ("declin[ing] to hold that a single instance of damaged mail rises to the level of constitutionally impermissible censorship"), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (concerning "opening one piece of constitutionally protected legal mail by accident"); *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986) (noting that "a single isolated instance" of interference with outgoing legal mail might not give rise to a § 1983 claim); *Stone v. Chesney*, No. CIV A. 94-1799, 1995 WL 527987, at *1 (E.D. Pa. Aug. 17, 1995) (concerning the delay of a single piece of outgoing mail)).[5]

But Barrett does not allege a "single, isolated" interference with his outgoing mail. He alleges that "*several*" pieces of his outgoing mail were

_____

[5] Only *Nixon*, *Iwanicki*, and *Stone* are quoted or cited directly by Matters in his brief, but each of the other cases is quoted or noted parenthetically as being cited within these three court opinions.

damaged "[o]n *several* occasions." (Doc. 11, at 1–3 (emphasis added)).

Indeed, the record includes copies of two of these letters, which were

submitted as attachments to the original complaint. (Doc. 1, at 10–12).[6]

Federal courts have held that "as few as two incidents of mail tampering

could constitute an actionable violation (1) if the incidents suggested an

ongoing practice of censorship unjustified by a substantial government

interest, or (2) if the tampering unjustifiably chilled the prisoner's right of

access to the courts or impaired the legal representation received." *Davis*,

320 F.3d at 351 (citing *Washington*, 782 F.2d at 1139); *see also*

*Washington*, 782 F.2d at 1139 (holding that "two separate incidents of

interference with [outgoing legal] mail . . . alleged continuing activity

rather than a single isolated instance"). *But see Davis*, 320 F.3d at 351–52

(holding that allegations of two instances of mail interference—opening

and delaying delivery of an outgoing letter addressed to a state court on

---

[6] Although the original complaint itself is a nullity, having been dismissed and then superseded by the amended complaint, the Court may take judicial notice of these exhibits attached to it. *See Tellabs*, 551 U.S. at 322; *Ernst v. Child & Youth Servs. of Chester County*, 108 F.3d 486, 498–99 (3d Cir. 1997) (holding that "the court may take judicial notice of its own records, especially in the same case"); *Barnett v. York County*, Civil Action No. 1:CV-11-0906, 2011 WL 2790467, at *6 & n.8 (M.D. Pa. June 24, 2011) (considering exhibits attached to original, superseded complaint).

one occasion and opening incoming legal mail outside the inmate's presence on a second occasion—were insufficient to state a constitutional claim because the inmate failed to allege an ongoing practice of interfering with his mail nor any actual harm suffered as a result of the alleged tampering); *O'Malley v. McCleod*, No. C 93-3515, 1993 WL 483244, at *1 (N.D. Cal. Nov. 16, 1993) (finding delay of two letters tendered for mailing on the same day were "isolated instances of interferences with mail" that did not state a § 1983 claim). (*See also* Doc. 28, at 5 (citing *O'Malley*)).

The rule of decision in this matter is provided by the Third Circuit's published opinion in the *Bieregu* case, which involved a *pro se* prisoner's appeal from an adverse decision by the district court on summary judgment. In that case, the Third Circuit noted that the defendants had admitted to opening the plaintiff's incoming court mail outside his presence on three occasions, and it held this to be sufficient evidence for a reasonable person to infer the existence of "a pattern and practice of opening [the prisoner's] incoming court mail outside his presence." *Bieregu*, 59 F.3d at 1452. Here, Barrett alleges that defendant Matters tampered with "*several*" pieces of outgoing mail "[o]n *several* occasions." (Doc. 11, at 1–3 (emphasis added)). Construing the amended complaint

liberally, and viewing this particular allegation in the light most favorable to the plaintiff, Barrett has alleged no fewer than three instances of interference with his outgoing mail, which in turn constitutes a pattern and practice of mail tampering sufficient to state a constitutional claim against defendant Matters.[7] *See Bieregu*, 59 F.3d at 1452.

Accordingly, it is recommended that the motion to dismiss be denied in part and Barrett's First and Fourteenth Amendment mail tampering claims for nominal damages be permitted to proceed with respect to the alleged alteration of his outgoing mail by using an ink stamp to mark each page of his correspondence with a disclaimer.

### E. Leave to Amend

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable

---

[7] Although the word "several" may sometimes be used to mean "more than one," it is typically defined as "more than two." *See Jennings v. Jones*, 499 F.3d 2, 5 n.2 (1st Cir. 2007); *Laboratoires Perouse, S.A.S. v. W.L. Gore & Assocs., Inc.*, 528 F. Supp. 2d 362, 390 (S.D.N.Y. 2007); *see also Hua Lan An. v. Att'y Gen.*, 369 Fed. App'x 374, 378 n.3 (3d Cir. 2010) (citing *Merriam-Webster's Online Dictionary* and noting the alternative definitions); *Black's Law Dictionary* 1378 (7th ed. 1999) (defining "several" to mean "more than one or two but not a lot").

or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). Although it is true that Barrett has already had an opportunity to amend his complaint, the prior amendment was in response to a *sua sponte* screening order. This is the first time Barrett's claims have been tested by an adverse party and found lacking. It is not clear that amendment would be futile, nor is there any basis to believe it would be inequitable. This is especially true in light of the allegation of interference with outgoing mail, which is subject to greater constitutional protection because of the lesser security concerns presented, and in light of Barrett's status as a pretrial detainee at the time of the alleged violations, subject to fewer constitutionally permissible deprivations and restrictions than a convicted prisoner serving sentence. *See Davis*, 320 F.3d at 352 (citing *Thornburgh*, 490 U.S. at 413); *Malcolm*, 520 F.2d at 397; *O'Bryan*, 437 F. Supp. at 595; *Ahrens*, 434 F. Supp. at 899; *Jones*, 330 F. Supp. at 719. It is therefore recommended that Barrett be granted leave to file a second amended complaint within a specified time period following dismissal of these claims from his amended complaint.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.      All claims for injunctive relief be **DISMISSED** as moot;

2.      All claims for compensatory damages be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1).

3.      The motion to dismiss (Doc. 27) be **GRANTED in part** and **DENIED in part**;

4.      All claims for nominal damages with respect to lost or missing outgoing mail be **DISMISSED** for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6);

5.      All claims for nominal damages with respect to the alteration of the plaintiff's outgoing mail be permitted to proceed;

6.      The plaintiff be granted leave to file a second amended complaint within a specified time period following dismissal of the claims described above; and

7.      The matter be remanded to the undersigned for further proceedings.


Dated: July 20, 2015                    *s/ Joseph F. Saporito, Jr.*
                                        **JOSEPH F. SAPORITO, JR.**
                                        **United States Magistrate Judge**

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BARRETT,

        Plaintiff,

        v.

WARDEN ROBERT KARNES,
et al.,

        Defendants.

CIVIL ACTION NO. 1:14-cv-01250

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated July 20, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


Dated: July 20, 2015                    *s/ Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States Magistrate Judge