IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER BARRETT,       :
    Plaintiff                              :             No. 1:14-cv-1250
                                                 :
    v.                                         :             (Judge Kane)
                                                 :
C.O. MATTERS,                      :             (Magistrate Judge Saporito)
    Defendant                         :

## MEMORANDUM

Before the Court is the Report and Recommendation of Magistrate Judge Saporito (Doc. No. 36), in which he recommends that the Court grant in part Defendant's motion to dismiss Plaintiff's amended complaint (Doc. No. 11). Defendant filed an objection on August 3, 2015, objecting only to that portion of Magistrate Judge Saporito's Report and Recommendation that recommends allowing Plaintiff's claim for nominal damages based on First Amendment censorship to proceed. (Doc. No. 37 at 5.) Plaintiff did not file objections to the Report and Recommendation. For the reasons that follow, the Court will overrule Defendant's objection, adopt the Report and Recommendation in whole, and dismiss part of Plaintiff's amended complaint without prejudice.

## I.     BACKGROUND

This Section 1983 action concerns alleged tampering with Plaintiff Christopher Barrett's outgoing mail in May of 2014. (Doc. No. 36 at 2.) During that time, Plaintiff was detained at Lebanon County Prison awaiting trial for controlled substances violations. (Id. at 2-3.) While detained, Plaintiff sent letters of poetry to his loved ones. (Id. at 15.) According to Plaintiff, "on several occasions," Defendant Corrections Officer Matters stamped, "This address is a County Prison. Sender is an inmate. County is not responsible for debts 'incurred,'" on each page of the

1

outgoing mail.  (Id. at 3) (quoting Doc. No. 11 at 1-3).  According to Plaintiff, these stamps made the letters and the poetry in the letters "unpresentable for my loved ones to read."  (Id.) (quoting Doc. No. 11 at 2).  The stamps allegedly "ruin[ed]" Plaintiff's poems in violation of his First and Fourteenth Amendment rights.  (Doc. No. 11 at 3.)  In addition, Plaintiff claims that he stopped sending letters, in part because of the prison stamps.  (Doc. No. 36 at 15) (quoting Doc. No. 11 at 2).  Plaintiff filed his original complaint on June 30, 2014, and he filed his amended complaint on August 21, 2014.  (Doc. Nos. 1, 11.)  Defendant filed the present motion to dismiss on January 19, 2015, and Magistrate Judge Saporito issued his Report and Recommendation on July 20, 2015.  (Doc. Nos. 27, 36.)

## II.   LEGAL STANDARD

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests.  Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008).  The plaintiff must present facts that, accepted as true, demonstrate a plausible right to relief.  Fed. R. Civ. P. 8(a).  Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted."  See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff.  See In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010).  The Court's inquiry is guided by the standards of Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Under Twombly and Iqbal, pleading requirements have shifted to a "more heightened form of pleading." See Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible. Id. Accordingly, to determine the sufficiency of a complaint under Twombly and Iqbal, the United States Court of Appeals for the Third Circuit has identified the following steps a district court must take when determining the sufficiency of a complaint under Rule 12(b)(6): (1) identify the elements a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement for relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (citation and quotation marks omitted).

When a district court is considering the Report and Recommendation of a United States Magistrate Judge, the Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the Report and Recommendation, the a district court is to make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1); M.D. Pa. L.R. 72.3.

## III. DISCUSSION

In his Report and Recommendation, Magistrate Judge Saporito recommends that Plaintiff's claim for nominal damages based on impermissible mail tampering be permitted to

3

proceed.  (Doc. No. 36 at 19.)  According to Magistrate Judge Saporito, the decision of the United States Court of Appeals for the Third Circuit in <u>Bieregu v. Reno</u>, 59 F.3d 1445 (3d Cir. 1995), requires that Plaintiff's claim be allowed to proceed because Plaintiff alleges "a pattern and practice" of impermissible mail tampering.  (Doc. No. 36 at 18-19) (quoting <u>Bieregu</u>, 59 F.3d at 1452, <u>abrogated on other grounds by</u>, <u>Lewis v. Casey</u>, 518 U.S. 343 (1996)).  First, Defendant objects to this recommendation, arguing that <u>Bieregu</u> and similar cases allow such claims to proceed because prison administrators interfered with <u>legal</u> mail, whereas Plaintiff's claim is premised on tampering with his <u>personal</u> mail only.  (Doc. No. 37 at 6.)  Second, Defendant argues that Plaintiff has not shown "an unjustified pattern of censorship," because a number of cases have held that similar stamping of outgoing inmate mail is not a constitutional violation.  (<u>Id.</u> at 7-10.)

As to his first objection, Defendant draws a distinction between legal mail and personal mail that the Third Circuit has not drawn.  The <u>Bieregu</u> case concerned legal mail, but in a subsequent case – a case that Defendant cites in his objection – a separate panel of the Third Circuit applied <u>Bieregu</u> when the plaintiff alleged interference with personal mail.  Specifically, in its <u>per curiam</u> non-precedential opinion in <u>Nixon v. Department of Corrections</u>, the Third Circuit held that "the District Court correctly determined that Nixon's claim alleging a single, isolated interference with his <u>personal</u> mail was insufficient to constitute a First Amendment violation."  501 F. App'x 176, 178 (3d Cir. 2012) (citing <u>Bieregu</u>, 59 F.3d at 1452) (emphasis added).  In addition, the relevant portion of the <u>Bieregu</u> opinion does not limit its discussion to "legal mail," "court mail," or "attorney mail," even though the panel explicitly defined those terms earlier in the opinion and used each selectively throughout the opinion.  <u>See</u> 59 F.3d at

4

1449, 1452. Consequently, while the Court is cognizant that the distinction between legal mail and personal mail is important in other contexts, see Thornburgh v. Abbott, 490 U.S. 401, 413 (1989), there is no indication that this distinction is material to the alleged alteration of Plaintiff's outgoing personal mail.

Second, Defendant argues that stamping an inmate's mail with prison identification does not amount to a constitutional violation, regardless of whether it is the practice of a prison to stamp outgoing letters in that way. (See Doc. No. 37 at 7-8.) It has been repeatedly held that "a single instance of interference with mail is usually insufficient to constitute a First Amendment violation[.]" See e.g., Iwanicki v. Pa. Dep't of Corr., 582 F. App'x 75, 79 (3d Cir. 2014); Nixon v. Wetzel, No. 12-1154, 2012 WL 2589887, at *3 (M.D. Pa. July 3, 2012) ("[A] single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation."). In the present case, Magistrate Judge Saporito found that Plaintiff has alleged more than a single interference, because he alleged that the alteration of his outgoing poetry occurred "on several occasions," and that he attempted to send the letters to multiple members of his family. (Doc. No. 36 at 15, 18.) Defendant does not dispute this finding. (See Doc. No. 37 at 7.)

Rather, Defendant argues that the instead of turning on the quantity of the interferences, the constitutional inquiry should focus on the quality of the interference. (Id.) To support his position, Defendant cites a number of district court decisions that predate the Bieregu opinion. (Id.) For example, in Rogers v. Isom, 709 F. Supp. 115 (E.D. Va. 1989), a district court found "ample reason to doubt that the [identification] stamping infringes any rights of free speech" at all. 709 F. Supp. at 116. That court continued on to observe that the government has an interest

5

in identifying the outgoing mail's prison origins, and that the stamping in question was no greater than necessary to serve that interest. Id.

The Court first notes that the decisions Defendant cites are out-of-district decisions that pre-date much of the operative law discussed above. Second, even if the Court were to accept Defendant's proffered authority as persuasive, the result in this case at this juncture would not change. Defendant points to no legitimate government interest served by stamping outgoing mail from the Lebanon County Prison with this particular stamp, and it is not apparent from the filings before the Court how often or in what manner the stamps are applied. The Court is aware that the justification for the stamp may be forthcoming and persuasive, and that the burden on Plaintiff may be shown to be de minimis, but that much is not apparent from the filings before the Court on this motion to dismiss. Accordingly, the Court will overrule Defendant's objection.

## IV.   CONCLUSION[1]

For the foregoing reasons, the Court will adopt Magistrate Judge Saporito's Report and Recommendation in full. An order consistent with this memorandum follows.[2]

---

[1] In his Report and Recommendation, Magistrate Judge Saporito recommends denying: (1) Plaintiff's claims for injunctive relief, (2) Plaintiff's claim for compensatory damages; and (3) Plaintiff's theory of recovery premised on lost or missing outgoing mail. (Doc. No. 26 at 31.) In the absence of objection, and upon consideration of the applicable law, the Court finds no error with those findings and will adopt these portions of the Report and Recommendation.

[2] In addition, since the Report and Recommendations issued, Defendant filed a motion for an extension of time to amend his complaint and a proposed amended complaint. (Doc. Nos. 38, 29.) Defendant filed a motion to strike the amended complaint for non-compliance with Federal Rule of Civil Procedure 15. (Doc. No. 41.) In light of its findings here, the Court will grant Defendant's motion to strike and deny Plaintiff's motion for an extension of time.