## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BARRETT,

      Plaintiff,

      v.

WARDEN ROBERT KARNES,
et al.,

      Defendants.

CIVIL ACTION NO. 1:14-cv-01250

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This prisoner civil rights action was initiated by the filing of a *pro se*, *in forma pauperis* complaint on June 30, 2014. (Doc. 1). The original complaint was dismissed *sua sponte* on August 6, 2014, for failure to state a claim. (Doc. 10; *see also* Doc. 7). The plaintiff, Christopher A. Barrett, filed an amended complaint on August 21, 2014, which was served on the defendants. (Doc. 11). On the defendants' motion, the amended complaint was dismissed in part for failure to state a claim on October 5, 2015. (Doc. 44; *see also* Doc. 36). The dismissal order granted Barrett leave to file a second amended complaint within thirty days. (Doc. 44). On October 16, 2015, Barrett's second amended complaint was filed. (Doc. 48).

In its dismissal order, the Court dismissed in their entirety all of

Barrett's claims for injunctive relief and for compensatory damages. It dismissed his claims for nominal damages with respect to lost or missing outgoing mail, but permitted his claims for nominal damages with respect to the alleged alteration of his outgoing mail to proceed. Barrett was granted leave to file a second amended complaint to permit him an opportunity to cure any pleading defects he could with respect to the dismissed claims.

The second amended complaint (Doc. 48) is virtually identical to the amended complaint (Doc. 11) it replaces.[1] The second amended complaint fails to add any new allegations whatsoever to address the pleading defects of the previous, partially dismissed complaint. Indeed, it comes close to duplicating the previous complaint word-for-word. It is clear from the face of the complaint that injunctive relief is still moot, that compensatory damages are still barred by 42 U.S.C. § 1997e(e), and that the plaintiff has still failed to state a claim with respect to the two undelivered letters addressed to his mother and fiancé. Moreover, having been given the

---

[1] If it had not already been granted, leave to amend would have been denied on futility grounds. *See Trout v. Wentz*, Civil Action No. 1:10-CV-439, 2011 WL 1842743, at *2 (M.D. Pa. May 16, 2011) (denying leave to amend where the proposed amended complaint was virtually identical to the original, dismissed complaint).

opportunity to amend his complaint to cure any pleading defects he could, and having failed to do so, leave to further amend the complaint is futile.

Accordingly, for the reasons stated in our previous report and recommendation (Doc. 36), it is recommended that:

1.    All claims for injunctive relief be **DISMISSED** as moot;

2.    All claims for compensatory damages be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1);

3.    All claims for nominal damages with respect to lost or missing outgoing mail be **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and 42 U.S.C. § 1997e(c)(1);

4.    All claims for nominal damages with respect to the alteration of the plaintiff's outgoing mail be permitted to proceed; and

5.    The matter be remanded to the undersigned for further proceedings.

**Dated: October 16, 2015**          *s/ Joseph F. Saporito, Jr.*
                                              **JOSEPH F. SAPORITO, JR.**
                                              **United States Magistrate Judge**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

CHRISTOPHER A. BARRETT,

      Plaintiff,

      v.

WARDEN ROBERT KARNES,
et al.,

      Defendants.

CIVIL ACTION NO. 1:14-cv-01250

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated October 16, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 16, 2015          *s/ Joseph F. Saporito, Jr.*
                                 JOSEPH F. SAPORITO, JR.
                                 United States Magistrate Judge