## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BARRETT,

        Plaintiff,

        v.

WARDEN ROBERT KARNES,
et al.,

        Defendants.

CIVIL ACTION NO. 1:14-cv-01250

(KANE, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

This is a prisoner civil rights action, brought pursuant to 42 U.S.C. § 1983. The sole remaining defendant has moved for summary judgment. The plaintiff has failed to respond with a brief in opposition or counter-statement of material facts. The motion is ripe for disposition.

### I.   BACKGROUND

At the time of underlying events, the *pro se* plaintiff, Christopher A. Barrett, was a pretrial detainee at the Lebanon County Correctional Facility, facing various criminal charges.[1] He claims that the lone remaining defendant, C.O. Matters Jr., altered his outgoing mail, in

---

[1] He has since been convicted, sentenced, and transferred to a state correctional facility.

violation of Barrett's First and Fourteenth Amendment rights.[2] In particular, Barrett alleged in his second amended complaint that Matters, the prison's mailroom supervisor, damaged or defaced "several pieces" of Barrett's outgoing personal correspondence by using an ink stamp to mark each page with a statement that the "sender is an inmate."[3] He seeks an award of nominal damages.[4]

On February 29, 2016, the defendant filed a motion for summary judgment, together with a brief in support, a statement of undisputed material facts, and supporting affidavits and documentary exhibits. (Doc. 57; Doc. 58; Doc. 59). On March 31, 2016, we entered a *sua sponte* order noting that the plaintiff had failed to timely respond to the summary judgment motion, granting him an extension of time to do so, and directing

---

[2] *See generally Williams v. Papi*, 30 F. Supp. 3d 306, 311 (M.D. Pa. 2014) ("Under the incorporation doctrine, the [First] Amendment and other provisions of the Bill of Rights apply on their face only to the federal government, and were incorporated against the states later by operation of the Fourteenth Amendment's Due Process Clause.").

[3] Barrett attached an original copy of a single letter as an exhibit to his original complaint, on which each page was stamped: "This address is a County Prison. Sender is an inmate. County is not responsible for debts 'incurred.'" (Doc. 1, at 10–12).

[4] In the second amended complaint, Barrett also asserted claims for compensatory damages and injunctive relief, and he asserted a separate claim regarding two undelivered letters, all of which were dismissed as moot or for failure to state a claim. (Doc. 51; *see also* Doc. 49).

the plaintiff to file his brief in opposition on or before April 18, 2016. (Doc. 60). The plaintiff nevertheless has failed to file any response whatsoever to the defendant's motion for summary judgment.

## II.   LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" only if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion," and demonstrating the absence of a genuine dispute of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant makes

such a showing, the non-movant must set forth specific facts, supported by

the record, demonstrating that "the evidence presents a sufficient

disagreement to require submission to the jury." *Anderson*, 477 U.S. at

251–52.

## III.   DISCUSSION

Barrett asserts a federal civil rights claim pursuant to 42 U.S.C.

§ 1983. Section 1983 provides a private cause of action with respect to the

violation of federal constitutional rights. The statute provides in pertinent

part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or
> the District of Columbia, subjects, or causes to be
> subjected, any citizen of the United States or any other
> person within the jurisdiction thereof to the deprivation
> of any rights, privileges, or immunities secured by the
> Constitution and laws, shall be liable to the party injured
> in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.

Section 1983 does not create substantive rights, but instead provides

remedies for rights established elsewhere. *City of Oklahoma City v. Tuttle*,

471 U.S. 808, 816 (1985). To establish a § 1983 claim, a plaintiff must

establish that the defendant, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995).

In this case, Barrett claims that Matters defaced his outgoing correspondence by using an ink stamp to mark each page of his correspondence with a disclaimer identifying the letter as having originated from a correctional facility. Barrett claims that this purported mail tampering by Matters violated his rights under the First and Fourteenth Amendments to the United States Constitution.

The defendants have moved for summary judgment on the ground that the purported mail tampering constituted a single, isolated incident, and thus it did not violate Barrett's First and Fourteenth Amendment rights.[5] They have supported their motion with a statement of undisputed

---

[5] In the alternative, the defendant argues also that he is entitled to summary judgment on grounds that: (a) marking the plaintiff's outgoing correspondence with an ink-stamped disclaimer was a constitutionally permissible impingement on an inmate's First Amendment rights under *Turner v. Safley*, 482 U.S. 78 (1987), because it was rationally related to a legitimate penological interest—preserving institutional security by deterring or preventing surreptitious communication between inmates through third-party mail; and (b) the defendant is entitled to qualified immunity because the plaintiff did not have a clearly established right to have his mail transmitted out of the facility without an ink-stamped mark

*(continued on next page)*

material facts and two notarized affidavits to which documentary evidence is attached. Barrett has failed to respond to the defendant's motion in any fashion at all.

In evaluating a motion for summary judgment, the Court must first determine if the moving party has made a *prima facie* showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Only once that *prima facie* showing has been made does the burden shift to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Both parties may cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for the purposes of the motion only), admissions, interrogatory answers or other materials." Fed. R. Civ. P. 56(c)(1)(A). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

---

indicating that the mail originated from a correctional facility inmate. Because we recommend summary judgment on the ground that the single, isolated incident demonstrated by the evidence of record does not violate the First Amendment, we need not reach these alternative grounds for summary judgment.

declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "Although evidence may be considered in a *form* which is inadmissible at trial, the *content* of the evidence must be capable of admission at trial." *Bender v. Norfolk S. Corp.*, 994 F. Supp. 2d 593, 599 (M.D. Pa. 2014); *see also Pamintuan v. Nanticoke Mem'l Hosp.*, 192 F.3d 378, 387 n.13 (3d Cir. 1999) (noting that it is not proper, on summary judgment, to consider evidence that is not admissible at trial).

Here, the defendant has moved for summary judgment, but the plaintiff has failed to submit a brief in opposition or any other papers contesting the defendant's motion. Barrett's failure to actively oppose the defendant's motion for summary judgment implicates two local rules, which provide that a party who fails to file a brief in opposition to a motion "shall be deemed not to oppose such motion," L.R. 7.6, and that all material facts set forth in the movant's statement of material facts "will be deemed to be admitted unless controverted" by a counter-statement of material facts by the non-movant, L.R. 56.1.

However, Barrett's failure to respond to the motion does not mean that the defendants are automatically entitled to summary judgment. *See Anchorage Assocs. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 175

(3d Cir. 1990). These local rules must be construed and applied in a manner consistent with Rule 56 of the Federal Rules of Civil Procedure. *See id.* at 174. Thus, in the context of a motion for summary judgment, a non-movant's failure to file an opposition brief and counter-statement of material facts is "construed as effecting a waiver of [the non-movant's] right to controvert the facts asserted by the moving party in the motion for summary judgment or the supporting material accompanying it." *Id.* at 175–76. The moving party must nevertheless establish that, based on the facts set forth in support of its motion, it is entitled to judgment as a matter of law. *See id.*; *see also Lorenzo v. Griffith*, 12 F.3d 23, 28 (3d Cir. 1993); *Miller v. Ashcroft*, 76 Fed. App'x 457, 462 (3d Cir. 2003) ("Even though the applicable [Middle District of Pennsylvania] local rules provide that a summary judgment motion is to be considered unopposed and its statement of material facts admitted where a responsive brief is not timely filed, the Magistrate Judge was still required to find that the undisputed facts warranted judgment as a matter of law.") (citations omitted).

In other words, in the absence of active opposition by the non-movant, the two-step, burden-shifting analysis that normally applies on summary judgment is abbreviated to just the first step, requiring the

moving party to make a prima facie showing that it is entitled to summary judgment, based on the undisputed facts of record. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331.

Notwithstanding the allegations of Barrett's second amended complaint, which alleged that Matters defaced "several" pieces of correspondence on "several occasions" (*see* Doc. 48, at 1, 3), the undisputed evidence of record demonstrates only that, in late May 2014, the defendant altered a *single* item of Barrett's outgoing correspondence. The plaintiff attached a copy of a single letter as an exhibit to his original complaint. (Doc. 1, at 10–12). The letter contained a poem addressed to "my only love." (*Id.*). The third page of the letter contained two symbols—a circled number "77" and a circled number "79"—which Matters believed to be a code of some sort, suggesting that the letter may have been intended as "third-party mail," sent to a recipient outside the prison and then retransmitted by the outside recipient to another inmate at the same facility where the author is incarcerated. (*Id.*; Doc. 59, at 2–4; Doc. 59-2, at 2–4). The defendant used an ink stamp to affix a disclaimer to each page of the letter indicating that it originated from an inmate at a correctional facility, which served the dual purpose of deterring the outside recipient

from retransmitting the letter to another inmate at the same facility and enabling prison officials screening incoming mail to more easily identify prohibited third-party mail. (Doc. 59, at 4–5; Doc. 59-2, at 4–5; *see also* Doc. 1, at 10–12). The stamp did not impair one's ability to read the letter, and after it was stamped, the letter was mailed to its intended recipient. (Doc. 59, at 4; Doc. 59-2, at 5; *see also* Doc. 1, at 10–12). Barrett admitted in discovery that this single letter attached to his original complaint was the only item of outgoing correspondence so altered. (*See* Doc. 59-3, at 1–3). Moreover, Barrett failed to respond to the defendant's statement of undisputed material facts on summary judgment, waiving any right to dispute the factual assertion therein that this was "the only correspondence [Barrett] mailed from the facility that was stamped in such a way." (Doc. 59, at 5).

The applicable decisional law is very clear: "[A] single, isolated interference with [an inmate's] personal mail [is] insufficient to constitute a First Amendment violation." *Nixon v. Sec'y of Pa. Dep't of Corr.*, 501 Fed. App'x 176, 178 (3d Cir. 2012) (per curiam); *see also Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995) ("declin[ing] to hold that a single instance of damaged mail rises to the level of constitutionally impermissible

censorship"), *abrogated on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Iwanicki v. Pa. Dep't of Corrs.*, 582 Fed. App'x 75, 79 (3d Cir. 2014) (per curiam) (concerning "a single instance of interference with mail"); *accord Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990); *Curry v. Tarrant County, Tex.*, 59 F.3d 1242, 1995 WL 413112, at *2 (5th Cir. 1995) (unpublished per curiam table decision); *Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986); *Stone v. Chesney*, No. CIV A. 94-1799, 1995 WL 527987, at *1 (E.D. Pa. Aug. 17, 1995).

The defendant has met his burden of making a prima facie showing that he is entitled to judgment as a matter of law based on the undisputed facts of record. Accordingly, it is recommended that the defendant's summary judgment motion be granted.

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that:

1.   The defendant's motion for summary judgment (Doc. 57) be **GRANTED**;

2.   The Clerk be directed to enter **JUDGMENT** in favor of the defendant and against the plaintiff; and

3.    The Clerk be directed to **CLOSE** this case.


Dated: August 9, 2016                          *s/ Joseph F. Saporito, Jr.*
                                                JOSEPH F. SAPORITO, JR.
                                                United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER A. BARRETT,

      Plaintiff,

      v.

WARDEN ROBERT KARNES,
et al.,

      Defendants.

CIVIL ACTION NO. 1:14-cv-01250

(KANE, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated August 9, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: August 9, 2016                          ***s/ Joseph F. Saporito, Jr***.
                                               JOSEPH F. SAPORITO, JR.
                                               United States Magistrate Judge